UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BENJAMIN LIGERI, LEEANN CAGNINA, JANE DOE, DANIEL REALE, JOHN DOE, and JANICE DOE,<br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF CHILDREN, YOUTH & FAMILIES, CYNTHIA ROBERGE, MARK WILSON, ANGELA DEFALCO, HARRY LONERGAN, BETHANN MYERS, DIANE LEYDEN, TOWN OF COVENTRY, and SUSAN LYONS,<br>Defendants. | C.A. No. 17-198-JJM-PAS |

## ORDER

Plaintiff Daniel Reale, along with other plaintiffs, has filed a complaint against the Rhode Island Department of Children, Youth, and Families ("DCYF"), the Town of Coventry, and various individual employees of these two government entities. Mr. Reale's case, and the motion currently before the Court, arises out of a report of suspected child abuse made to DCYF by Coventry school psychologist Susan Lyons involving Mr. Reale's seven-year-old son, John Doe. The Town and Ms. Lyons have moved to dismiss Counts Three, Five, and Seven in the Second Amended Complaint, asserting that Counts Three and Seven fail because they are immune from liability under R.I. Gen. Laws § 40-11-4 and Count Five fails to state a viable constitutional

claim. ECF No. 46. Mr. Reale objects to these motions. ECF No. 51. The Court GRANTS the motion, in light of the following facts and legal analysis.

*Facts*

On May 17, 2016, Coventry school psychologist Susan Lyons called the DCYF Child Abuse and Neglect Hotline to report that John Doe arrived at school upset. She related that the young student told her he was afraid of his mother's boyfriend. John Doe told Ms. Lyons that his mother's boyfriend used a paddle and BB gun to discipline him and his younger sister, who is autistic.

A DCYF child protective investigator was assigned to investigate the call. Upon arrival at the elementary school, the investigator spoke with Ms. Lyons and John Doe. John Doe recounted to the investigator the punishment he received from his mother's boyfriend. John Doe did not have any visible injuries, but related to the school that the punishment happens all the time, his mother is aware of it, and she does not tell her boyfriend to stop.

Coventry Police came to the school and took Ms. Lyons' statement. Thereafter, the police officer and DCYF investigator went to John Doe's home; they spoke with the boyfriend. The boyfriend denied the allegations John Doe made to the school. He did have plastic air guns, which were checked and determined to fire plastic pellets. Thereafter, the DCYF investigator contacted John Doe's mother, Mr. Reale's ex-wife, at her work. She arranged for her children to stay with her sister in Connecticut while her boyfriend moved out of the home.

DCYF filed a neglect petition against Mr. Reale and John Does' mother on which a hearing was held before the Rhode Island Family Court on July 14, 2016.

Both Mr. Reale and his ex-wife were present. The Family Court granted DCYF temporary legal custody of the children; the children were placed with their mother on the condition of a no-contact order with the boyfriend and DCYF was to have access to the children and the home. On July 28, 2016, another hearing was held in Family Court where DCYF moved to dismiss the petition as to Mr. Reale, which the Family Court granted and entered on Mr. Reale's behalf.

Mr. Reale has several disputes emanating from Defendants' report and the investigation that resulted. He alleges that Defendants misconstrued his son's reporting of his ex-wife's boyfriend's conduct, insisting that Ms. Lyons and the Town should have realized that it was "innocent horsing around" where John Doe and the boyfriend were playing with an airsoft toy and pretending he was punishing him with a pellet gun and a paddle. ECF No. 47 at 6, ¶ 21. He asserts that the Town knew this as it had a "full, complete and unfettered opportunity to examine [his] children for physical evidence of abuse, of which they found none, and for which no medical reports were generated." *Id.* at 7, ¶ 23. He also complains about the process of the investigation and how the school handled the questioning of his son, arguing that it resulted in his ex-wife and children having to move to Louisiana to avoid the residual damage.

*Standard of Review*

Rule 12(b)(6) of the Federal Rules of Civil Procedure brings this matter before this Court. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed.R.Civ.P. 8(a)(2)). At this stage, "the

plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102-03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales–Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 103 (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* at 103 (quoting *Iqbal*, 556 U.S. at 679).

*Analysis*

Mr. Reale's two state-law claims and one constitutional claim are the subject of the Town and Ms. Lyon's motion. The Court will address each in turn.

<u>Counts Three and Seven – State-Law Claims</u>

Count Three asserts a claim for negligent infliction of emotional distress and Count Seven alleges abuse of process due to the fact that Ms. Lyons spoke with John Doe without his parent's permission and allowed DCYF to do the same.

4

It is undisputed that Ms. Lyons was obligated under state law to report the suspected child abuse of John Doe to DCYF. Title 40, Chapter 11 of the Rhode Island General Laws, entitled "Abused and Neglected Children," mandates that "[a]ny person who has reasonable cause to know or suspect that any child has been abused or neglected . . . shall, within twenty-four (24) hours, transfer that information to the department of children, youth and families, or its agent, who shall cause the report to be investigated immediately." R.I. Gen. Laws § 40-11-3(a). Prior and incident to making that report, Ms. Lyons had to speak with the student and so did the DCYF investigator. The question of her civil liability in John Doe's case turns on her motivation for reporting her suspicions, as the statute provides that "[a]ny person participating in good faith in making a report pursuant to this chapter shall have immunity from any liability, civil or criminal, that might otherwise be incurred or imposed." R.I. Gen. Laws. § 40-11-4. Therefore, the law grants that if she reported the suspected abuse in good faith, she is immune from civil and criminal liability. *Id.*

In order to make this determination, the Court reviews the allegations in the Second Amended Complaint and accepts the plausible facts as true. Mr. Reale alleges that Ms. Lyons:

- "misconstrued" the actions of the mother's boyfriend. ECF No. 47 at 22, ¶ 62.
- relied on information that "she should have known to be false . . . or with reckless disregard as to its falsity." *Id.* at 23, ¶ 64.
- "aided, abetted and/or negligently facilitated the filing of two neglect petitions." *Id.* at 23, ¶ 68.
- engaged in "reckless failure to verify and get the facts straight." *Id.* at 24, ¶ 71.

5

- "should have realized" that she was involved in an unreasonable risk of causing harm. *Id.* at 24, ¶ 72.

- "knew or should have known no abuse or neglect occurred." *Id.* at 34, ¶ 101.

The Court finds that none of these allegations, individually or collectively, rise to the level of "bad faith" sufficient to deny Ms. Lyons and the Town the immunity afforded by state statute. Each of these are conclusory legal allegations, which the Court need not credit. *García-Catalán*, 734 F.3d at 103. Even if these allegations did have a plausible factual basis they, at most, represent negligence and not bad faith.[1] Therefore, Ms. Lyons and the Town of Coventry are entitled to immunity under R.I. General Laws § 40-11-4 for the allegations made in these two state-law claims.

Count Five – Constitutional Claim

Mr. Reale also alleges a federal claim for the "Wholesale, Reckless Alienation and Disenfranchisement of the Right to Companionship and Association Under the First Amendment."[2] ECF No. 47 at 28. Count Five includes general allegations and statistics about DCYF conduct vis-à-vis children under its care. The Town and Ms. Lyons are mentioned in the caption of Count Five, there are no facts or assertions made against them in the body of this Count, nor are there any plausible facts alleged against them in Counts One and Three (incorporated by reference). *See* ECF No. 47

---

[1] Mr. Reale raises "bad faith" as to these two Defendants one time in Count Seven (ECF No. 47 at 35, ¶ 103), but that allegation is rejected as it makes nothing more than an unsupported legal conclusion that fails to set forth any plausible facts in support of the bald assertion. *García-Catalán*, 734 F.3d at 103.

[2] The Court presumes that Mr. Reale brings this claim under 28 U.S.C. § 1983.

6

at ¶ 83. Because Mr. Reale has failed to make plausible allegations against either the Town or Ms. Lyons, Count Five is dismissed as to them.

*Conclusion*

Daniel Reale fails to state a cognizable claim against the Town of Coventry and Susan Lyons in Counts Three and Seven because they are protected by state statutory immunity. Moreover, there are no plausible facts alleged against these Defendants to support the federal claim in Count Five. The Town of Coventry and Susan Lyon's Motion to Dismiss (ECF No. 46) is GRANTED.[3]

IT IS SO ORDERED:

_____
John J. McConnell, Jr.
United States District Judge

December 15, 2017

---

[3] Because the Court grants the Town's and Ms. Lyons's Motion to Dismiss, which terminates the case brought against them, Mr. Reale's Motion for Orders Under Rule 37 (ECF No. 58) is DENIED AS MOOT.

7