UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BENJAMIN LIGERI, LEEANN CAGNINA, JANE DOE, DANIEL REALE, JOHN DOE, and JANICE DOE,<br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF CHILDREN, YOUTH & FAMILIES, CYNTHIA ROBERGE, MARK WILSON, ANGELA DEFALCO, HARRY LONERGAN, BETHANN MYERS, DIANE LEYDEN, TOWN OF COVENTRY, and SUSAN LYONS,<br>Defendants. | C.A. No. 17-198-JJM-PAS |

## ORDER

Plaintiff Daniel Reale, pro se, brings two motions to recuse, one against counsel for Defendant Department of Children, Youth & Families and the other against this Court. The motion against DCYF counsel centers on Mr. Reale's allegation that counsel hid, destroyed, and withheld evidence in his case. ECF No. 56. The motion against the Court is essentially based on the fact that the Court ruled against several of his motions. ECF No. 57. Because the Court finds there is no basis in law or fact for either of the motions, they are denied.

*Recusal of the Judge*

Mr. Reale moves pursuant to 28 U.S.C. § § 144 and 455, to recuse this Judge because it issued an order in the instant case that "contained no explanation" forcing

the litigants to defend against "secret evidence." ECF No. 57 at 1-2. Moreover, he asserts that this Judge's "running of defense for DCYF (a Defendant in this case) [] perpetuates the unfairness and denial of due process." *Id.* at 2. He attaches an affidavit in support of his motion.[1]

A "trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006). Understandably, Mr. Reale is disappointed in some of the substantive rulings this Court has made in his case. But moving to recuse the judge is not a means to rectify what a litigant believes is an inappropriate ruling. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *United States v. Fernandez*, 792 F. Supp. 2d 178, 188 (D. P.R. 2011)). Mr. Reale has failed to reveal a basis in the record to show personal bias in favor of DCYF and/or against him; therefore, there is no objective evidence to support a recusal motion.

*Disqualification of Defendant's Counsel*

Mr. Reale seeks to have the attorney for Defendant DCYF and its employees disqualified claiming that she failed "to speak with candor before the tribunal when it came to disclosing material facts," and that she failed to disclose evidence to the

---

[1] The Court need not decide whether 28 U.S.C. § 144 allows a pro se litigant to submit the necessary affidavit. For purposes of deciding this motion, the Court assumes, without deciding, that it is appropriate.

2

Plaintiffs. ECF No. 56 at 1. He also argues that DCYF's attorney has a conflict under Rule 1.7 of the Rhode Island Rules of Professional Conduct.

It is not appropriate to seek disqualification of an attorney simply because a party disagrees with the litigation decisions of an opponent. The First Circuit cautions that disqualification should only be granted as a "measure of last resort" when necessary to assure "the ethical and orderly administration of justice." *United States v. Diozzi*, 807 F.2d 10, 12 (1st Cir. 1986) (citing *United States v. Cortellesso*, 663 F.2d 361, 363 (1st Cir. 1981)). In its text order denying Mr. Reale's motion for sanctions against the DCYF attorney on September 11, 2017, this Court found "no evidence before the Court that the Defendants or their attorneys did anything wrong, unprofessional, or sanctionable. In fact, the record supports the opposite conclusion." Nothing has changed since the Court issued that order and it equally applies to this motion.

In this matter, Mr. Reale has failed to present any evidence that DCYF's attorney has done anything to impede or disrupt the ethical and orderly administration of justice; in fact, just the opposite is true. Furthermore, he has failed to show that any conflict exists simply because the attorney has represented DCYF in the past or represents both the department and its employees in this matter.

*Conclusion*

Mr. Reale's Motion to Recuse (ECF No. 57) Motion to Disqualify (ECF No. 56) are DENIED.

IT IS SO ORDERED:

John J. McConnell, Jr.
United States District Judge

December 15, 2017

4